```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

TREMELL COLLINS
                                              PRISONER
    v.                    CASE NO. 3:05CV1287(CFD)

MICHAEL LAJOIE, et al.


ORDER

    Plaintiff filed this civil rights action by complaint dated July 29, 2005.  He alleges that defendants used excessive force against him on July 6, 2005.

    The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust his administrative remedies before bringing a section 1983 action with respect to prison conditions.  The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process.  See Booth v. Churner, 532 U.S. 731, 741 (2001).

    The statute clearly states that inmates must exhaust all available administrative remedies before filing suit.  See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).  Thus, any attempt to exhaust administrative remedies after the case was filed is ineffective to satisfy the exhaustion requirement.  The Second Circuit has cautioned the district court to ascertain that

administrative remedies exist before imposing the exhaustion requirement.  See Mojias v. Johnson, 351 F.3d 606, 609 (2d Cir. 2003) (holding that court is "obligated to establish the availability of an administrative remedy from a legally sufficient source before it may dismiss [a prisoner's] complaint").

The court takes judicial notice of the Department of Correction Administrative Directive 9.6, describing the administrative grievance process.  Section 6(A) provides, inter alia, that the following matters are grievable:

    1.    The interpretation and application of policies, rules and procedures of the unit, division and Department.
    3.    Individual employee and inmate actions . . .
    5.    Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
    7.    Any and all other complaints of any nature concerning prison life.

Plaintiff's claim of use of excessive force is subject to the inmate grievance process pursuant the listings above.

Plaintiff did not submit his complaint on the court's form and does not describe how he exhausted his administrative remedies.  In light of the brief time between the incident and the filing of the complaint, twenty-three days, the court cannot

discern how plaintiff could have exhausted his administrative remedies through the inmate grievance process.

The Second Circuit has cautioned the district courts not to dismiss a case for failure to exhaust administrative remedies without ensuring that plaintiff has notice and an opportunity to demonstrate that he has exhausted his available remedies.  See Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999).  Plaintiff is directed to file an amended complaint including the claims asserted in his original complaint and providing evidence that he fully exhausted his administrative remedies before July 29, 2005, the date he filed his complaint.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993)(holding that pro se prisoner's complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court)(citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

Plaintiff shall file his amended complaint within **twenty** days from the date of this order.  The Clerk is directed to send plaintiff an amended complaint form with this order.

**SO ORDERED.**

Entered this 26th day of October, 2005, at Bridgeport, Connecticut.

                              _____/s/_____
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE